# WM. S. McPHERSON *vs.* WM. J. Ross, Trustee of JOHN McPHERSON.

As to the right of set off ; a claim, which the defendant has against the plaintiff in his individual character, cannot be set off against a claim due to the plaintiff, as trustee for the sale of real estate.

THIS was a suit brought in Frederick county court against the appellant.

The declaration contained the money counts. The case was referred by an agreement which required the award to be made on principles of law and equity. Award in favor of the plaintiff, and the appeal is from the judgment on that award, and in this court the wish of the parties was made known to the court, to have the case, which was an amicable suit, disposed of upon equitable principles.

All the facts which belong to the case were admitted, and the case may be stated in a few words.

The appellant, as trustee for the sale of the real estate of Sarah McPherson, made sale of it prior to 1834, and has in his hands the proceeds. John McPherson, as one of the heirs, is entitled to an ascertained portion of it, and also as assignee of other heirs. The same is yet due, unless the appellant can set off against this claim, sums of money which he claims of John McPherson, the same having at different times been paid by him, as surety of or endorser for J. M.

In 1844, John McPherson being insolvent, conveyed his property to the appellee Ross, for the benefit of his creditors.

In the same year the appellant also became insolvent, and conveyed his property to James D. Roman, for the benefit of his creditors. Since the execution of the last deed, and also of the deed of John M. to his trustee, the appellant's trustee has, in the execution of the trust, paid a large sum of money in his hands, a part of that trust fund in discharge of the claims against J. M., for which the appellant, as surety or endorser, is answerable. Can this claim which the appellant has against J. M., and which has accrued since the conveyances aforesaid, be set off against the claim which J. M. has against the appellant, as trustee for the sale of Sarah McPherson's estate?

This case was argued by *Alexander* for appellant, and *Wm. Merrick* for the appellee, before all the judges.

*Alexander* for appellant.

In cases of bankruptcy, the assignee takes subject to all the equities of the assignor. 2 *Story, sec.* 1425, '6. 3 *Paige,* 581, *Lindsay vs. Jackson.*

In regard to set off for payments after the insolvency. See 4 *T. R.,* 211. 10 *Barn. and Cres.,* 777. 21 *Eng. C. L. R.,* 169. 3 *Mees. and Wels.,* 30. 2 *P. Wms.,* 128. 3 *Harr.,* 568.

*Merrick* for appellee.

If there was any right of set off, that right was in the trustee of the appellant. 2 *H. & J.,* 374. *Gantt vs. Bowie,* 12 *G. & J.,* 51. *Hall vs. Creswell,* 4 *Gill,* 331. *Anan vs. Houk,* 2 *Story's Eq.,* 430 to 435. See 1785, *ch.* 46, *sec.* 7. Wm. S. McPherson was a trustee in chancery.

1st. There is no ground of set off in this case, because the amount claimed by him of the appellant, as trustee of Sarah McPherson, was assigned and transfered to him absolutely, for a valuable consideration, as trustee for the benefit of creditors by John McPherson, before any debt or cause of action had accrued to the appellant against John McPherson, by any payment of the debt for which he was surety. (See state-

ment of facts in record.)   The mere condition of his being a security for John McPherson, vested in him no right of lien on the amount in his hands as trustee, so as to prevent a *bona fide* alienation of that fund by John McPherson to Wm. J. Ross, for the benefit of creditors, and no right of set off existing against John McPherson at the moment of his assignment to Ross, (as there was then only a liability by the appellant as his surety, which might or might not have afterwards become absolute, upon the contingency of his paying the debt, in default of sufficient assets in the hands of Ross, the trustee of John McPherson,) surely no right of set off could spring up by the subsequent payment, so as to divest the perfect title of Ross, once attached and vested.

2nd.  But suppose the payment by the appellant of the debt for which he was surety, had been made before the assignment by John McPherson to appellee, even in that case no right would have existed in him, to set off the amount for which this award has been rendered against such a debt, because the one is due *by him*, as trustee of Sarah McPherson; the other is due *to him*, in his individual capacity, as so much money by him paid, laid out and expended for John McPherson, at his request.   In other words, the debts do not stand in the same right; one is a legal, the other an equitable claim, one is due in an individual, private character; the other in a representative and fiduciary capacity.   Suppose, instead of John McPherson being a creditor of appellant, as trustee of Sarah McPherson, he had been a debtor to him as the trustee, and a creditor of him in his individual capacity, could he have resisted the just claims of the estate of Sarah McPherson, urged against him through the person of her trustee, by setting up an independent and private debt, due by the trustee to him?  Surely not.   But the principal of mutuality is essential to a set-off, and if on the one side the set off could not be urged, it could not for that very reason, be claimed on the other.

The rule of set off in equity, is the same as at law.   There must be debt and credit between the parties, in one and the

same right, and not in different rights. 2 *Story's Equity,* 659, '60, '61.

If one debt be legal and the other equitable, they can only be the subject of set off between the beneficiaries, *even in equity,* where there has been a mutual credit; that is to say, (in the sense of a court of equity,) where the existence of the one debt has caused the party to trust the other, looking to that as a means of payment. 2 *Story's Equity, p.* 660, and *Ibid, note* 1. To same point, and in support of general doctrine, the case of *Green vs. Darling,* 5 *Mason,* 212, also, 2 *H. & J.,* case of *Gant vs. Bowie's Adm'r, p.* 374, and *Hall's Adm'r vs. Creswell,* 12 *G. & J., p.* 51, where the court say: "The right of set off is reciprocal, and mutual claims, and such as are in the same right, can alone be set off.

The opinion of the court was delivered by Eccleston, J.

It appears from the record that this is an amicable proceeding. And the counsel having stated, that it was the wish of the parties to have the question decided, upon equitable principles, without regard to matters of form; we will not stop to enquire, whether the case is properly before us, as to an equitable right of set off, but will proceed to express our opinion on the point in dispute.

John McPherson had claims against Wm. S. McPherson, as trustee for the sale of the real estate of Sarah McPherson.

In 1844 John conveyed all his property to the appellee, in trust for the benefit of his creditors; and in the same year, a conveyance of like character was made by William, to J. D. Roman. Sometime afterwards, the trustee of William paid about $6000, in discharge of John's debts for which William had become surety. A part of this sum William now insists he has a right to set off against the claim of the appellee.

Among other reasons for sustaining the judgment below, it is said the claim of the appellee is upon a trust fund, and was due to John, not exclusively in his own right, but in part, as assignee of others. There is no necessity, however, to say anything in regard to the nature of John's claims be-

lieving as we do, that the set off cannot be allowed, because the payments on account of the debts of John were not made by William, but by his trustee, out of funds transferred for the benefit of creditors. If the plaintiff should recover the money he claims in this case, it will be in his hands for the purpose of paying the creditors of John. And thus William's trustee will have a claim upon the same, on account of the debts of John paid by him; for the payment of which debts, in part, this very fund was appropriated, by the general transfer of all John's property to his trustee. But if William is permitted to have the set off, it will virtually rescind, in part, the transfer made by him for the use of his creditors.

The case of the assignees of *Smith vs. Muggleston*, 3 *Mee. & Wels.*, 30, was cited on the part of the appellant. That was a decision under the statute of 6 *Geo.*, 4, *ch.* 16, *sec.* 50, and is no authority upon the question under consideration. *Jones vs. Messop*, 3 *Hare*, 568, *in* 25*th Eng. Ch. Rep.*, was much relied upon in argument; but there is a very important difference between that and the present case. There the party claiming the set off had paid the money himself, as surety, after his principal had become insolvent. By means of an injunction, he obtained a set off for the amount thus paid. The suit against which this injunction was granted, was upon a bond, given by the said surety, to the father of the insolvent. After the decease of both father and son, the assignee of the insolvent, as the administrator *d. b. n.*, of the father, instituted suit on the bond, the proceeds of which, if received, would have been held by him as the assignee of the son; according to the opinion of the vice-chancellor.

Believing that neither at law nor in equity, the appellant can successfully urge his defence, we think there was no error in the judgment on the award.

*Judgment affirmed.*